NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4585
_____

UNITED STATES OF AMERICA

v.

RAHEEM SPRUELL,
a/k/a Jahad Sprueill
a/k/a Jahad Tauheed
a/k/a DaShawn Harris

RAHEEM SPRUELL,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Cr. Action No. 11-cr-00758-001)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2014
_____

Before: FUENTES, GREENAWAY, JR., NYGAARD, *Circuit Judges*.

(Opinion Filed: July 3, 2014)

_____

OPINION
_____

1

GREENAWAY, JR., *Circuit Judge*.

After the pleading guilty to the charge of unlawful possession of a firearm as convicted felon, Spruell filed a pro se motion to withdraw his guilty plea before sentencing. The District Court denied the motion. On appeal, Spruell argues that the case should be remanded for a new hearing on the motion to withdraw guilty plea. For the foregoing reasons, we affirm the District Court's order.

**I. FACTUAL BACKGROUND**

Because we write primarily for the parties who are familiar with the facts and procedural history, we recount only the essential facts.

On January 26, 2011, police officers responded to a report of a robbery in Newark, New Jersey. After arriving at the scene, the officers arrested Spruell for possession of a gun. In the process of arresting him, the officers discovered 115 zip lock bags containing a total of 7.69 grams of cocaine, as well as $208 in cash.

By a superseding indictment filed on August 7, 2012, Spruell was charged, in Count One, with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count Two charged Spruell with possession and intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). In exchange for the dismissal of the Count Two drug distribution charge, Spruell agreed to plead guilty to the felon in possession of a firearm charge.

On October 2, 2013, Spruell filed a pro se motion to withdraw his guilty plea. Spruell asserted that at some point after the guilty plea hearing, defense counsel showed Spruell a key witness statement obtained by prior counsel that allegedly contradicted the police officer's version of the January 26, 2011 events. Spruell filed a motion to withdraw the guilty plea after seeing the witness statement. On October 8, 2013, the government filed a sentencing memorandum arguing against Spruell's motion to withdraw the guilty plea.

At a sentencing hearing conducted on October 17, 2013, defense counsel made it clear that he neither filed nor advised Spruell to file a motion seeking to withdraw the guilty plea; however, counsel did state that he would weigh in on the matter, if requested, by the court. After Spruell requested to argue his own motion, the government warned Spruell, in open court, that anything he said could be used against him in the current or a future prosecution. Spruell argued his own motion. After determining that the witness statement did not undermine the credibility of Spruell or contradict the factual scenario in the P.S.R., the District Court denied Spruell's request to withdraw his guilty plea. The Court also agreed with the government that Spruell benefitted from a favorable plea agreement.

At the conclusion of the sentencing hearing, the District Court imposed a sentence of 110 months' imprisonment. This timely appeal followed.

3

## II. JURISDICTION

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## III. ANALYSIS

Spruell seeks an order directing the district court to conduct a new hearing on the motion to withdraw guilty plea. While conceding that he was represented by counsel, Spruell argues that his Sixth Amendment right to counsel was violated when counsel stood aside while defendant argued his motion, pro se.

"When determining whether a suspect's Sixth Amendment right to counsel has been violated, our standard of review is plenary." *United States v. Tyler*, 164 F.3d 150, 156 (3d Cir. 1998) (citing *Flamer v. Delaware*, 68 F.3d 710, 720 (3d Cir. 1995)). As interpreted by the Supreme Court, the Sixth Amendment's guarantee that in all criminal prosecutions the accused shall enjoy the right to have the Assistance of Counsel for his defense applies to every "critical stage" in a criminal prosecution. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 121-23 (1975); *Coleman v. Alabama*, 399 U.S. 1, 9 (1970). "At least absent unusual circumstances, a hearing on a motion to withdraw a guilty plea is sufficiently important in a federal criminal prosecution that the Sixth Amendment requires the presence of counsel." *United States v. Crowley*, 529 F.2d 1066, 1069-70 (3d Cir. 1976). If we find that a Sixth Amendment right was violated, we determine whether

4

the violation was "harmless beyond a reasonable doubt under the circumstances shown in this record." *Id.* at 1069.

We need not decide whether Spruell arguing his plea-withdrawal motion pro se, albeit with the presence of counsel at the sentencing hearing, violated his Sixth Amendment right. As was true in *United States v. Crowley*, the record here makes clear that "it is extremely unlikely that counsel would have been any more effective than the defendant himself in convincing the district court to exercise its discretion to permit withdrawal of the plea." 529 F.2d 1066, 1071 (3d Cir. 1976).

Here, counsel would have had to persuade the District Court that the witness statement furnished to Spruell provided a "fair and just reason" for withdrawing Spruell's guilty plea. Fed. R. Crim. P. 11(d)(2)(B). Upon review of the record, we are satisfied that the District Court would not have permitted withdrawal of the plea. First, a claim for actual innocence could not have been made by any reasonable counsel. (*See* App. 40-41.) Second, no credible evidence of coercion has been adduced, and the government's plea offer was generous. (*See* App. 18-21, 40-44.) Finally, the District Court's independent assessment of the witness statement makes it apparent that even with the aid of counsel, the outcome would have been the same. (*See* App. 80 ("I don't see how this particular statement impacts or undermines the credibility of this defendant or contradicts what has already been prepared in the P.S.R.").) Under these circumstances, there is no reason to disturb the District Court's disposition of this case on the basis of an alleged Sixth Amendment violation. *Cf. Strickland v. Washington*, 466 U.S. 668, 689 (1984)

("Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.").

Therefore, the alleged absence of counsel was harmless beyond a reasonable doubt under the circumstances shown in this record.

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the District Court.